IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| DAVID WASHINGTON, <br> TDCJ-CID No. 0765851, <br><br> Plaintiff, <br><br> v. <br><br> BENJAMIN LEEAH, *et al.*, <br><br> Defendants. | § § § § § § § § § § § | 2:22-CV-159-Z-BR |

## MEMORANDUM OPINION
## DISMISSING CIVIL RIGHTS COMPLAINT

This is a civil rights action brought by David Washington, a Texas inmate appearing *pro se*, against employees or agents of the Texas Department of Criminal Justice ("TDCJ") pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined in the Connally Unit of TDCJ in Kenedy, Texas. Plaintiff has filed an application to proceed *in forma pauperis* (ECF No. 4) and has sought appointment of counsel. (ECF Nos. 5, 6). Plaintiff has not shown that at the time of the filing of this lawsuit, he was "under imminent danger of serious physical injury." Therefore, this action is **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).

In support of his Complaint, Plaintiff presents the following allegations:

> Plaintiff alleges medical staff at the Clements Unit failed to follow policy, rules, and procedure relating to care provided after Plaintiff allegedly fell from his bunk. (ECF No. 3). Plaintiff does not assert how the medical staff's actions result in imminent danger. *See id.*

Based on the foregoing, Plaintiff purports to sue the following Defendants: Benjamin Leeah, Doctor; Alan Sbar, Doctor; Melanie Hendrix, FNP; and Paul Burch, PA, all of the Clements Unit. (*Id.*). As relief, Plaintiff seeks the following: to be prescribed Tramadol three times a day; to be

paid $1,000,000.00 in damages; to receive regular payments; to have "bad reports" removed from his medical record; and to have an attorney appointed. (*Id.*).

The PLRA, enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). When a district court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under 1915(g) once the judgment becomes final. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). A district court's dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. *Id.*

A prisoner is barred from proceeding *in forma pauperis* if he is subject to the "three-strike" provision "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint must present a claim that Plaintiff is in danger of imminent serious physical injury to overcome the bar. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). In applying the "three-strike" provision of 1915(g), a court may consider case dispositions that occurred prior to the effective date of the PLRA. *See Adepegba*, 103 F.3d at 387-88. A review of the Public Access to Court Electronic Records ("PACER") and the Sanction Database reflects that Plaintiff has had at least three prior actions dismissed with prejudice as frivolous or for failure to state a claim, as outlined herein; thus, Plaintiff is barred from proceeding *in forma pauperis* as he requests.

While incarcerated, Plaintiff has filed at least three prior civil actions that were dismissed as frivolous or for failure to state a claim. *See, e.g., Washington v. Tupa, et al.*, No. 5:22-cv-00889 (W.D. Tex. Aug. 30, 2022) (noting Washington's history, which includes at least seven strikes, and dismissing the civil action under 28 U.S.C. $ 1915(g)). Therefore, Washington may not file another civil action IFP while incarcerated unless he is in "imminent danger of serious physical injury."[1] 28 U.S.C. § 1915(g).

And here, Plaintiff has not alleged or shown that he was in imminent danger of serious bodily injury when he filed his suit. Instead, he makes conclusory allegations that several named officers failed to take proper actions on an undisclosed date and time. It is well established that an allegation of past harm is insufficient to satisfy the imminent-danger exception. *King v. Liyingston*, 212 F. App'x 260 (5th Cir. 2006); *see also McClure v. Unknown Duty Warden*, No. 6:21-cv-193, 2021 WL3782917,*2 (S.D. Tex. June 8, 2021) (collecting cases). Further, "general allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Miller v. Univ. of Texas Med. Branch, et al.*, No. 16-cv-436, 2016 WL 3267346, at *2 (E.D. Tex. Jun. 15, 2016) (citations omitted). Plaintiff's allegations here are general–not grounded in specific facts indicating serious physical injury is imminent and, therefore, are not sufficient to invoke the exception to § 1915(g). Lastly, while Plaintiff claims to be incarcerated in the Bill Clements Unit of TDCJ at the time of filing (ECF No. 3 at 1, 3), Plaintiff submitted his Complaint from his current place of incarceration in the John B. Connally Unit. (ECF No. 3 at 11). As a result, the Court finds that Plaintiff has not shown that he was in imminent

---

[1] Notably in response to the question on his complaint regarding whether he had been sanctioned, Washington stated he could not remember. (ECF No. 1). Washington is advised that he has been sanctioned multiple times and must disclose this fact in the future.

3

danger of serious bodily injury when he filed this complaint, and he must pay the full filing fee if he wishes to proceed.

For the above reasons, the complaint filed by Plaintiff is **DISMISSED** as barred by the three strikes provision of 28 U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiff's right to reopen the case if he pays the $402.00 filing and administrative fees and files a motion to reopen within thirty days of the date of final judgment.

**SO ORDERED.**

November 17, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE